# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEYONICS INTERNATIONAL PTE LTD., | Case No. 3:19-cv-00926 |
| Plaintiff, | |
| V. | |
| SCOTT DAVID SMITH | |
| Defendant. | AUGUST 6, 2019 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SET ASIDE DEFAULT

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, defendant Scott David Smith ("Mr. Smith") respectfully submits this memorandum of law in support of its motion to set aside the entry of default ordered on July 25, 2019 (Doc. 12). Good cause exists for setting aside the default. Mr. Smith's delay was not willful, no party was prejudiced by the short delay, and Mr. Smith has a meritorious defense to the claim. Despite Mr. Smith's request, plaintiff Beyonics International PTE Ltd. ("Beyonics") does not consent to setting aside the default and has subsequently filed a Motion for Default Judgment (Doc. 15).

**I.     FACTS**

This action was initiated by Beyonics' Complaint dated June 14, 2019 (Doc. 1). Pursuant to the Complaint, Beyonics seeks recognition of a judgment against Mr. Smith allegedly entered by The High Court of the Republic of Singapore on May 24, 2019 ("Singapore Judgment").

Beyonics commenced an action against Mr. Smith alleging a breach of an employment contract between Beyonics and Mr. Smith. *Id.* at ¶ 17. Beyonics obtained the Singapore Judgment as a result of Mr. Smith's failure to file a defense.

2185851

*Id.* at ¶ 15. The total amount of the Singapore Judgment is at least $230,699.21. *Id.* at ¶ 20.

## II.    LEGAL STANDARDS

This Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Second Circuit has established three factors that must be considered when deciding a Rule 55(c) motion: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In addition, courts may consider other equitable factors such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id.

Within the Second Circuit, default judgments are "disfavored" and courts should practice "a clear preference for resolving disputes on the merits." *Altamirano v. Copiague Funding Corp.*, No. 3:06 CV 1751 PCD, 2007 WL 1232178, at *1 (D. Conn. Apr. 25, 2007). The standards for setting aside entry of a default based on a delay in pleading pursuant to Rule 55(c) are "less rigorous" and more "forgiving" than the standards for setting aside a final judgment pursuant to Rule 60. *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011).

## III.   ARGUMENT

### A.     The Default Was Not Willful

The Second Circuit has explained that inadvertent mistakes such as this are not a basis for maintaining a default; "willfulness" in this context refers to conduct that is "more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also Altamirano*, 2007 WL 1232178, at *1 (holding that carelessness or a mistake that results in delay is not willful). "[W]illfulness requires something more than mere negligence, such as egregious or deliberate conduct . . . ."

*ABC Healthcare Sols. v. ATN Care Franchising, LLC*, No. 3:18-CV-812 (WWE), 2019 WL 2188752, at *2 (D. Conn. Feb. 25, 2019).

Mr. Smith, who while living in Connecticut primarily works in Massachusetts, has been traveling, which is why Beyonics' process server was unable to serve Mr. Smith in hand. Declaration of Scott David Smith, a copy of which is attached hereto as **Exhibit A**, at ¶¶ 3-4. When Mr. Smith received a copy of the Summons and Complaint, he misinterpreted the language on the Summons form and believed that he had 60 days to respond to the Complaint. *Id.* at ¶ 5; *see* Summons ("Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.")

When Mr. Smith retained counsel, he believed that he was complying with the applicable response period. *Id.* at ¶ 6. It was not until counsel explained to Mr. Smith that he had 21 days, not 60 days, that he understood his mistake. *Id.* at ¶ 7. Mr. Smith's actions are not the type of deliberate or egregious conduct that is tantamount to willfulness. *Id.* at ¶ 8.

  **B.**  **Beyonics Would Not Be Prejudiced by Setting Aside the Default**

The only prejudice Beyonics' has suffered is a short delay in proceeding with this litation. The Second Circuit has firmly stated, "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Instead, to establish prejudice in this context, a party would have to show "the loss of evidence, the unavailability of witnesses or roadblocks to discovery." *Altamirano*, 2007 WL 1232178, at *2.

Here, Mr. Smith missed a deadline to respond to the complaint by less than a month. The short delay has not caused any loss of evidence or witnesses or any actual prejudice.

3

### C. Mr. Smith Has a Meritorious Setoff Defense

As long as a defendant "present[s] some evidence beyond conclusory denials to support his defense," an entry of default should be set aside. *Enron Oil Corp.*, 10 F.3d 90, 98 (2d Cir. 1993). The "test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* It is sufficient for a motion to set aside if such a defense is asserted in an answer, denials to an answer, or in a reply to a motion for entry of default *See Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 993 (E.D.N.Y. 1995); *Altamirano*, 2007 WL 1232178, at *3.

As alleged by Mr. Smith in his Affirmative Defense and Counterclaim, Mr. Smith has a setoff defense against Beyonics for its breach of his employment contract. Mr. Smith is owed not less than $238,500.00 for a bonus that has not been paid to Mr. Smith, $132,500 in unpaid wages due to Beyonics failure to pay Mr. Smith his salary for 3 months as per the Employment Agreement, and an additional $25,000 tax offset for Mr. Smith's company vehicle. This amount is greater than the amount of Beyonics' judgment obtained in Singapore.

### IV. CONCLUSION

For the good cause above, and because the plaintiff has consented, the default entered on July 25, 2019 should be set aside.

DEFENDANT,
SCOTT DAVID SMITH


By: */s/ Evan S. Goldstein*
    Evan S. Goldstein, Esq. (ct22994)
    Adam B. Marks, Esq. (ct28787)
    UPDIKE, KELLY & SPELLACY, P.C.
    P.O. Box 231277
    100 Pearl Street – 17th Floor
    Hartford, CT 06123-1277
    Tel: (860) 548-2600
    Fax: (860) 548-2680
    Email: egoldstein@uks.com
    Email: amarks@uks.com

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on August 6, 2019, a copy of the foregoing was electronically filed. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. A copy has also been sent by U.S. mail first class, postage prepaid, to all counsel and pro se parties that do not have access to the Court's electronic filing system.

> By: /s/ Evan S. Goldstein
> Evan S. Goldstein, Esq.
> UPDIKE, KELLY & SPELLACY, P.C.