UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEYONICS INTERNATIONAL PTE LTD. | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL CASE NUMBER |
| | : | |
| SCOTT DAVID SMITH | : | 3:19-cv-926 (VLB) |
| *Defendant.* | : | |
| | : | December 16, 2019 |
| | : | |

## RULING ON MOTION FOR ENTRY OF JUDGMENT BY DEFAULT [Dkt. 15] and MOTION TO SET ASIDE DEFAULT [Dkt. 16]

Before the Court is Plaintiff Beyonics International PTE LTD.'s ("Beyonics") Motion for Entry of Judgement by Default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Dkt. 15]. Also pending before the Court is Defendant Scott David Smith's ("Smith") Motion To Set Aside Default, under Rule 55(c) of the Federal Rules of Civil Procedure. [Dkt. 16]. For the following reasons, the Court GRANTS Beyonics's Motion for Entry of Default and DENIES Smith's Motion to Set Aside Default.

I.   **Procedural History**

On June 14, 2019, Beyonics brought this action for recognition and enforcement of a Singapore money judgment (the "Singapore Judgment") under the Connecticut Uniform Foreign Money Judgments Recognition Act, Conn. Gen. Stat. § 50a-32 *et seq.* [Dkt. 1]. Per the Judgment of the High Court of the Republic of Singapore, Beyonics seeks S$312,217.06 Singapore dollars in principal, S$3,191.45 Singapore dollars in pre-Judgment interest, S$4,438.49 Singapore dollars in court-awarded costs, and post-judgment interest. [Dkt. 1-2 (Singapore

1

Judgment)]. Beyonics received this judgment as Smith did not present a defense in Beyonics's breach of contract action in Singapore. *Ibid*.

On June 26, 2019, Beyonics properly served Smith with a summons and complaint, and, per Federal Rule of Civil Procedure 12(a)(1)(A)(i), Smith's answer was due July 17, 2019. [Dkt. 10]. After Smith failed to respond within the deadline, on July 24, 2019, Beyonics entered a motion for entry of default pursuant to Rule 55(a). [Dkt. 11]. It was granted. [Dkt. 12]. On July 29, 2019, Smith's counsel filed notices of appearance. [Dkts. 13, 14].

On August 5, Beyonics entered a motion for default judgment. [Dkt. 15]. The next day, Smith filed a motion to set aside the default, along with an answer and counterclaim. [Dkts. 16 (Mot. to Set Aside Default), 17 (Mem. in Support), 18 (Answer and Countercl.)]. On September 9, 2019, Beyonics filed an opposition to the motion to set aside default. [Dkt. 22]. On October 9, 2019, Smith filed a reply. [Dkt. 23].

II. Rule 55

"Rule 55 provides a two-step process for the entry of judgment against a party who fails to defend." *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, the entry of default pursuant to Rule 55(a) recognizes that a defendant has admitted liability through its failure to defend the action. *Ibid.* Second, the entry of a default judgment pursuant to Rule 55(b) converts the defendant's liability admission into a final judgment. *Ibid.*

"[T]he court may set aside an entry of default for good cause and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When

deciding a Rule 55(c) motion, the Court considers three factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (enumerating factors).

"A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge," *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (Summary Order), though a district court's discretion in proceeding under Rule 55 is "circumscribed" because of the Second Circuit's "strong preference for resolving disputes on the merits." *Mickalis Pawn Shop, LLC,* 645 F.3d at 129. The standards for setting aside entry of a default under Rule 55(c) are "less rigorous" and more "forgiving" than the standards for setting aside a final judgment under Rule 60. *State Farm*, 409 F. App'x at 456 (citing *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)).

Under Rule 55(b)(2), "[t]he determination of whether to grant a motion for default judgment lies within the sound discretion of the district court." *Int'l Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp. 2d 256, 261 (D. Conn. 2004) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). "Upon entry of a default judgment for 'failure to plead or otherwise defend' against a complaint, a defendant admits every 'well-pleaded allegation' of the complaint except those relating to damages." *Andrade v. Kwon*, No. 3:08-cv-479 (SRU), 2012 WL 3059616, at *3 (D. Conn. Mar. 26, 2012) (citing *Trans World Airlines, Inc. v.*

3

*Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). The Court "may forgo an evidentiary hearing 'as long as [it] ensure[s] that there [is] a basis for the damages specified,'" such as where damages are susceptible of mathematical computation or liquidated. *Andrade*, 2012 WL 3059616, at *3 (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989)).

III. <u>Analysis of Motion to Vacate</u>

    A. *Meritorious Defense*

To establish a meritorious defense, a defendant must "present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d 90, 98 (2d Cir. 1993). The "test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Ibid.*

Here, the only non-conclusory denial Smith provides in his answer is his counter-claim for set-off as a ground for staying the enforcement of the judgment. [Dkt. 18]. Smith claims that Beyonics owes him at least $371,000 in salary and bonus under its employment agreement (the "Agreement") dated June 24, 2016 with him. [Dkt. 17 at 4]. Connecticut recognizes a statutory set-off defense: "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff… and the defendant…, one debt may be set off against the other." Conn. Gen. Stat. § 52-139. In addition, the Uniform Foreign Money-Judgments Recognition Act provides for a stay of the execution of a foreign judgment where the judgment debtor has setoff rights. *See* Conn. Gen. Stat. §§ 50a-36(b) ("If the judgment debtor shows the court any ground upon which enforcement of a

4

judgment of a court of this state would be stayed, the court shall stay enforcement of the judgment for an appropriate period..."); *Otter Valley Foods, Inc. v. Aliki Foods, LLC*, No. CV094009931, 2010 WL 2573760, at *4 (Conn. Super. Ct. May 21, 2010) (recognizing setoff as a possible ground for staying the enforcement of a foreign judgment);

For a right of setoff to be grounds for a stay, the mutual debt must be "of the same capacity and right" "and be of the same kind and quality, clearly ascertained and liquidated." *Otter Valley Foods*, 2010 WL 2573760 at *4 (citations omitted). To demonstrate setoff rights, a foreign judgment defendant must "affirmatively alleg[e] a clearly ascertainable and liquidated debt" rather than "merely assert[ing] the existence of [defendant's] claim for damages from [another] action." *Id*. at *4, *1. In *Otter Valley Foods*, the court held that the defendants failed to demonstrate setoff rights where the defendants only "asserted the existence of [their] claim for damages from [a] federal action [for breach of contract], which [had] not been fully resolved." *Id.*, at *4.

The Court finds that Smith, like the *Otter Valley Foods* defendants, has failed to "affirmatively [allege] an ascertainable and liquidated debt." A liquidated debt is a "debt whose amount has been determined by agreement of the parties or by operation of law." DEBT, Black's Law Dictionary (11th ed. 2019), *cited in Heimbrock v. Heimbrock*, No. CV085004975S, 2009 WL 1662469, at *5 (Conn. Super. Ct. May 18, 2009). Even if the Court gives full credit to Smith's claim that Beyonics owes him unpaid salary and bonus under the Agreement, the amount is not fully ascertainable and liquidated, as the Agreement leaves considerable room for board

5

discretion. *See* [Dkt. 23-1 (Agreement) at Schedule A ("The performance metrics shall be determined and fixed by the Board at the beginning of each fiscal year… Up to 100% of the bonus shall be paid to the Executive at fiscal year-end based on the actual result of each metric as compared to the target.")]. Moreover, unlike the Singapore Judgment, Smith's claim is not a final judgment: it remains contested. *See* [Dkt. 21 (Pl.'s Answer to Countercl.)]. Therefore, Beyonics' alleged debt is not of the same quality as Smith's debt. Because his setoff defense fails as a matter of law, the Court finds Smith cannot present evidence that would constitute a complete defense at trial, and thus lacks a meritorious defense.

 *B. Willfulness*

 "[W]illfulness requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *ABC Healthcare Sols. v. ATN Care Franchising, LLC,* No. 3:18-CV-812 (WWE), 2019 WL 2188752, at *2 (D. Conn. Feb. 25, 2019) (quoting *Loop Production v. Capital Connections, LLC*, 797 F. Supp. 2d 338, 345 (S.D.N.Y. 2011)); *see also O'Neill v. Country Motors, II, Inc*., No. 3:15-CV-1069 (CSH), 2015 WL 8779594, at *3 (D. Conn. Dec. 15, 2015) (*citing Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co*., 92 F.3d 57, 60 (2d Cir. 1996)) (considering whether "default was motivated by bad faith or at least something more than mere negligence"). A defendant's mistaken belief that he had 60 days to respond, rather than 21, may be evidence that his failure to respond was not willful. *Walsh v. Comey*, 315 F.R.D. 431, 432 (D.D.C. 2015) ("Defendants have not acted willfully because… both Defendants believed that they had 60 days ro respond to the

6

Complaint"); *Jones v. Slay*, No. 4:12-CV-2109 CAS, 2013 WL 1629315, at *2 (E.D. Mo. April 16, 2013) (finding defendant's belief that he had 60 rather than 21 days to respond supported finding that his conduct was not blameworthy or culpable).

The Court is persuaded that Smith's default was not willful. Smith declares that he was traveling at the time the summons was delivered, and then misinterpreted the language on the Summons form, believing he had 60 days to respond instead of 21. [Dkt. 17-1 (Ex. A, Declaration of Scott David Smith) at ¶¶3-5]. Indeed, Smith's counsel filed appearances four days after default was entered, suggesting that Smith was alerted to the need for counsel by the entry of default. [Dkts. 13, 14]. Moreover, Smith responded on August 6, 2019, missing the deadline by only 21 days, suggesting that he did not intend to delay proceedings. [Dkt. 18].

Citing *Life Insurance Company of North America v. Monroe*, Beyonics argues that Smith's default was willful because it is unbelievable Smith did not understand the language of the summons. [Dkt. 22 at 4-5 (citing *Monroe*, 236 F.RD. 255, 256 (D. Md. 2006)]. But *Monroe* is inapposite: it concerns a Rule 60(b) motion, rather than a Rule 55(c) motion, and itself notes that the Rule 55(c) standard is "somewhat more lenient." *Ibid.* In light of the different standards, the Court gives more weight to *Walsh* and *Slay*, and finds that the Smith's default was not willful. 219 F.R.D. at 432; 2013 WL 1629315 at *2.

C. Prejudice

To establish prejudice, a party must show "the loss of evidence, the unavailability of witnesses or roadblocks to discovery." *Altamirano v. Copiague*, 2007 WL 1232178, at *2. "Delay standing alone does not establish prejudice. *Enron*

*Oil Corp.*, 10 F.3d at 98. But delay may establish prejudice if it "[thwarts] plaintiff's recovery or remedy." *Green*, 420 F.3d 99, 110 (2d Cir. 2005) (regarding 60(b) motion). Here, Beyonics had not established—or even alleged—that setting aside the entry of default would lead to evidence loss, witness unavailability, or discovery roadblocks. Moreover, setting aside the default does not thwart Beyonics' remedy, because any short delay may be compensated by interest. Finally, while the Court recognizes large additional costs may cause prejudice when a case is close to a conclusion, the Court does not find that the costs of prosecuting a case are prejudicial when a case has only recently been filed. *Cf. United States v. Coppola*, No. 96–6122, 1996 WL 665716, at *2 (2d Cir. 1996) (denying 60(b)(1) motion by third-party where third-party was aware of an action but waited to intervene for nine months, when only 6 days remained until trial). Therefore, the Court does not find that setting aside the default would cause Beyonics prejudice.

### D. Weighing the Factors

Smith's lack of a meritorious defenses weighs against granting his motion to set aside the entry of default, while his lack of willfulness and the lack of prejudice to Beyonics weigh in favor granting the motion. The Court is mindful of the Second Circuit's "strong preference for resolving disputes on the merits." *Mickalis Pawn Shop, LLC,* 645 F.3d at 129. But in light of its analysis of Smith's lack of meritorious defense, the Court finds that denying Smith's motion to vacate does not sidestep a resolution on the merits, and instead only accelerates it. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 321 (2d Cir. 1986); *Green*, 420 F.3d at 109 (2d Cir.

2005) (same in the context of a Rule 60(b) motion). Therfore, the Court DENIES Smith's motion to set aside the entry of judgment. [Dkt. 16].

IV. <u>Analysis of Motion to Enter Default Judgment</u>

    A. *Recognition of the Singapore Judgment*

Beyonics provided proper notice of the instant action, but Smith failed to timely respond or enter a notice of appearance. *See* [Dkt. 10 (Notice of Service)]. This Court has personal jurisdiction over Smith, as he is a Connecticut resident and was properly served. *Ibid;* [Dkt. 18 at ¶2]. This Court has subject matter jurisdiction over this matter under 28 U.S.C. ¶ 1332(a)(1), on the basis of diversity of citizenship: the amount in controversy is greater than $75,000 and Smith and Beyonics are completely diverse.

Further, Beyonics' allegations are sufficient, both factually and legally, to support recognition of its foreign money judgment. "Except as provided in section 50a-34, a foreign judgment meeting the requirements of section 50a-32 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money." Conn. Gen. Stat. § 50a-33. Section 50a-32 requires that the foreign judgment be "final and conclusive and enforceable where rendered" and Section 50a-34 lists grounds for nonrecognition. Conn. Gen. Stat. §§ 50a-32, 50a-34.

Here, Beyonics has alleged that the Singapore Judgment was final, conclusive, and enforceable, and that none of the Section 50a-34 grounds for nonrecognition are present. [Dkt. 1]. Smith has admitted the truth of these facts by defaulting. *Andrade,* 2012 WL 3059616, at *3. Therefore, the Court recognizes the

Singapore Judgment and determines that it is enforceable. Default judgment is warranted against Smith.

### B. Damages

According to the Singapore Judgment, [Dkt. 1-2], damages are as follows (all in Singapore dollars):

1. Principal in the amount of S$312,217.06.
2. Pre-judgment interest in the amount of S$3191.45.
3. Costs in the amount of S$4,438.49.

Therefore, it is ORDERED and ADJUDGED that Smith shall pay Beyonics the sum of S$319,847.00 plus interest on that sum of the rate of ten per cent per year or, at the option of Smith, such number of United States dollars as will purchase the Singaporean dollars with interest due, at a bank offered spot rate at or near the close of business on the banking day next before the day of payment. *See* 28 U.S.C. 1961, Conn. Gen. Stat. § 50a-57, Conn. Gen. Stat. § 50a-59, and Conn. Gen. Stat. § 37-3a(a).

## V. Conclusion

The Court DENIES Smith's motion to set aside the entry of judgment [Dkt. 16], and GRANTS Beyonics's motion to enter default judgment for a sum certain of S$319,847.00 plus post-judgment interest of ten per cent per year [Dkt. 15]. The Clerk is ordered to close this case. IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 16, 2019